IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WENDY KAY BAILEY** | * | |
| | * | |
| v. | * | Civil Case No. WMN-14-3238 |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

*************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' cross-motions for summary judgment. [ECF Nos. 18, 19]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that both motions be denied, that the Commissioner's decision be reversed in part, and that the case be remanded to the Commissioner for further analysis.

Ms. Bailey protectively filed an application for Supplemental Security Income on May 31, 2012, alleging a disability onset date of July 1, 2011. (Tr. 61, 172-81). Her application was denied initially on August 16, 2012, and on reconsideration on February 27, 2013. (Tr. 73-76, 83-89). An Administrative Law Judge ("ALJ") held a hearing on April 15, 2014, at which Ms. Bailey was represented by counsel. (Tr. 34-53). Following the hearing, the ALJ determined that Ms. Bailey was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 22-33). The Appeals Council denied Ms. Bailey's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Bailey suffered from the severe impairments of asthma, chronic pain syndrome, fibromyalgia, osteoarthritis, degenerative disc disease, bilateral hip bursitis, degenerative joint disease of the right wrist, and bilateral meniscus injuries. (Tr. 27). Despite these impairments, the ALJ determined that Ms. Bailey retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b), with the following limitations: occasionally lifting and/or carrying 20 pounds; frequently lifting and/or carrying 10 pounds; standing and/or walking about 6 hours in an 8-hour workday; sitting for a total of about 6 hours in an 8-hour workday; only occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; and never climbing ladders, ropes and scaffolds. The claimant can frequently perform gross (handling) and fine manipulation (fingering) bilaterally, occasionally reach in all directions (except overhead) with the non-dominant left upper extremity; occasionally push and/or pull with the non-dominant left upper extremity; and never reach overhead with the non-dominant left upper extremity. She must avoid concentrated exposure to extreme cold, fumes, odors, dusts, gases, poor ventilation, etc. and hazards. Finally, the claimant is limited to work that permits her to alternate between sitting and standing about every 30 minutes.

(Tr. 27-28). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Bailey could perform her past relevant work as a surveillance system monitor, and that, therefore, she was not disabled. (Tr. 32-33).

Ms. Bailey disagrees. She raises two primary arguments on appeal: (1) that the ALJ should have assigned the opinions of her treating physician, Dr. Ball, controlling weight; and (2) that the ALJ erred in assessing the credibility of her subjective complaints. Because I agree that the ALJ's evaluation of Dr. Ball's opinion was deficient, I recommend that the case be remanded to the Commissioner for additional explanation. In so recommending, I express no opinion as to whether the Commissioner's ultimate decision, that Ms. Bailey was not entitled to benefits, was correct or incorrect.

Ms. Bailey argues that the ALJ erred by assigning "little weight" to the three medical opinions issued by Dr. Ball, her treating physician. The Fourth Circuit set forth parameters for

evaluating medical opinions of treating physicians in *Craig*, 76 F.3d at 590, which were later refined by amendments to 20 C.F.R. § 416.927. *See Pitman v. Massanari*, 141 F. Supp. 2d 601, 608 (W.D.N.C. 2001). When a medical opinion is from a "treating source," it is given controlling weight only if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 416.927(c)(2). If a treating source's medical opinion is not assigned controlling weight, however, in determining the weight to give the opinion, the ALJ should consider: (1) the length of the treatment relationship and its nature and extent; (2) the supportability of the opinion; (3) the opinion's consistency with the record as a whole; (4) whether the source is a specialist; and (5) any other factors that tend to support or contradict the opinion. 20 C.F.R. § 416.927(c).

In this case, the ALJ assigned "little weight" to Dr. Ball's opinions "because the assessments seemed to be a simple recitation of the [Ms. Bailey's] subjective complaints." (Tr. 32). The ALJ noted that Dr. Ball's opinions "almost directly correspond[ed]" with an August 2, 2013, email from Ms. Bailey to Dr. Ball setting forth her subjective complaints. *Id.* Finally, the ALJ stated that one of Dr. Ball's opinions was issued one day after Ms. Bailey's initial treatment visit. *Id.* Notably absent from the ALJ's analysis, however, is any discussion of whether Dr. Ball's opinions were supported by objective evidence or whether they were consistent with the other substantial evidence in the record, the factors relevant to whether Dr. Ball's opinions were entitled to controlling weight. Similarly, the ALJ did not discuss any of the factors relevant to determining the appropriate weight to assign opinions of treating physicians that are not given controlling weight. Although the ALJ's brief discussion arguably falls under the catchall category of "other factors that tend to support or contradict the opinion," without meaningful analysis of a single other relevant factor, particularly consistency with Dr. Ball's own treatment

3

notes and the record as a whole, I cannot conclude that the ALJ's assignment of weight of Dr. Ball's opinions is supported by substantial evidence.  Moreover, I note that Dr. Ball's treatment notes document apparent discomfort, tenderness over the length of the spine and paraspinal muscles, limited range of motion in all directions, a positive straight leg test bilaterally, and a slow and cautious gait, all of which tend to support Dr. Ball's conclusions to some extent.  (Tr. 507-10).  The Commissioner argues that the ALJ's assignment of weight is supported by substantial evidence because, earlier in the opinion, the ALJ reviewed objective medical evidence that is inconsistent with Dr. Ball's conclusions.  The Commissioner's argument, however, is inapposite.  As noted above, the ALJ did not connect the assignment of little weight to Dr. Ball's opinions to any inconsistencies with the objective medical evidence.  Accordingly, the thoroughness of the ALJ's earlier summary of the objective evidence is irrelevant to the supportability of the ALJ's evaluation of Dr. Ball's opinions.  I thus must recommend that the Commissioner's decision be remanded so that the ALJ may assess Dr. Ball's medical opinions in accordance with Social Security regulations.

Finally, I note that Ms. Bailey's second argument, concerning the ALJ's analysis of her credibility, lacks merit.  She contends that the ALJ failed to consider her activities of daily living ("ADLs") and her lack of significant or sustained response to treatment.  Pl. Mem. 20.  She also takes issue with the ALJ's consideration of the fact that treatment notes do not substantiate her complaints of a disabling impairment between her alleged onset of disability, July 1, 2011, and March 6, 2012.  *Id.*  Contrary to Ms. Bailey's contention, however, the ALJ discussed both her ADLs and her responsiveness to treatment.  (Tr. 29) ("The claimant reported only short-term relief from physical therapy and only slight improvement in her functional abilities.  Despite therapy, the claimant continued to report high pain levels.  She reported that her symptoms returned with activity, including walking, standing, or prolonged sitting."); (Tr. 30) ("She

discussed significant impairment in her activities of daily living and stated that she was unable to work, complete her chores, socialize, or participant [sic] in recreational activities. The claimant was still able to do her own shopping."). Moreover, although it might constitute error for an ALJ's credibility analysis to rest entirely upon whether a claimant's treatment notes substantiate severe impairments as of the claimant's disability onset date, as one factor among many bearing upon a claimant's credibility, its consideration is not inappropriate. Accordingly, the ALJ cited substantial evidence in support of the ALJ's credibility assessment.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment [ECF No. 19];

2. the Court DENY Ms. Bailey's Motion for Summary Judgment [ECF No. 18];

3. the Court REVERSE IN PART due to inadequate analysis the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g);

4. the Court REMAND this case to the Commissioner for further proceedings in accordance with this opinion; and

5. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from

challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated:  June 22, 2015                                                          /s/                          
                                                                                    Stephanie A. Gallagher
                                                                                    United States Magistrate Judge